## Bangladesh Bank v Rizal Commercial Banking Corp.

2024 NY Slip Op 34510(U)

December 21, 2024

Supreme Court, New York County

Docket Number: Index No. 652051/2020

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

-------------------------------------------------------------------------------X

BANGLADESH BANK,

Plaintiff,

- v -

RIZAL COMMERCIAL BANKING CORPORATION, MAIA SANTOS DEGUITO, ANGELA RUTH TORRES, LORENZO V. TAN, RAUL VICTOR B. TAN, ISMAEL S. REYES, BRIGITTE R. CAPINA, NESTOR O. PINEDA, ROMUALDO S. AGARRADO, PHILREM SERVICE CORP., SALUD BAUTISTA, MICHAEL BAUTISTA, CENTURYTEX TRADING, WILLIAM SO GO, EASTERN HAWAII LEISURE COMPANY, LTD., KAM SIN WONG, WEIKANG XU, DING ZHIZE, GAO SHUHUA, and JOHN DOES,

Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652051/2020 |
| MOTION DATE | |
| MOTION SEQ. NO. | 022 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 022) 410, 411, 412, 413, 414, 415, 416, 417, 418, 419, 420, 421, 422, 423, 424, 429, 430, 435, 436, 437, 438, 439, 440, 441, 442, 443

were read on this motion to/for _____DISCOVERY_____.

In motion seq. no. 002, plaintiff Bangladesh Bank moves to compel defendant Rizal Commercial Banking Corporation (RCBC) to produce documents from Helen Yuchengco-Dee, Gil Buenaventura, and Maria Celia Fernandez-Estavillo, identify any other individuals involved in RCBC's Audit Committee's investigation of the theft and produce relevant documents in their possession and run additional search terms.

Yuchengco-Dee, Buenaventura, and Fernandez-Estavillo

Plaintiff seeks to compel RCBC to add these individuals as custodians and produce documents.  "CPLR 3101 (a) entitles parties to 'full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the

burden of proof.' What is 'material and necessary' is left to the sound discretion of the lower courts and includes 'any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason.'" (*Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 746 [2000] [citation omitted].)

Yuchengco-Dee served as interim President and CEO of RCBC from March 23, 2016 to June 30, 2016 after Lorenzo Tan stepped down from the role due to the theft at issue. Plaintiff asserts that Yuchengco-Dee was involved in the investigation of the theft and likely is in possession of information relevant to plaintiff's claims. In support of this motion, plaintiff submits links to various articles implying Yuchengco-Dee's involvement during the interim period. Plaintiff also submits some email correspondence between Yuchengco-Dee and Tan regarding the investigation. (NYSCEF 498 and 499, Email Correspondence.) In response, RCBC's counsel asserts that Yuchengco-Dee had no direct involvement in the investigations and is not in possession of any relevant information. This conclusory response is inadequate to defeat plaintiff's motion to compel. Plaintiff presents some evidence indicating that Yuchengco-Dee is in possession of information relevant to its claims.

Buenaventura took over as CEO of RCBC on July 1. 2016. Again, plaintiff submits links to various news articles implying Buenaventura's involvement in investigating the theft as well as the implementation of safeguarding procedures which are relevant to the claims and defenses presented in this action. In response, RCBC argues that there is no evidence that Buenaventura possesses relevant information, and even if he does, plaintiff cannot show he is a necessary considering the 11 custodians

652051/2020 BANGLADESH BANK vs. RIZAL COMMERCIAL BANKING
Motion No. 022

Page 2 of 4

[* 2]

identified by plaintiff. Again, the conclusory statement that Buenaventura possesses no relevant information is not sufficient to defeat this motion when plaintiff has shown otherwise. Further, RCBC provides no indication how the 11 custodians make Buenaventura unnecessary.

Fernandez-Estavillo was in-house for RCBC and a member of the Audit Committee that investigated the theft. Plaintiff presents evidence indicating that Fernandez-Estavillo was involved in the theft investigation. For example, Fernandez-Estavillo testified in the Blue Ribbon Committee hearings commenced following the theft. RCBC's objection is that a majority of the information possessed by Fernandez-Estavillo would be privileged, and therefore, the burden of such production outweighs any need for the discovery. The court disagrees especially where Fernandez-Estavillo was involved in a fact-gathering role interviewing witnesses and not just rendering legal advice.

These three individuals shall be added to plaintiff's list of custodians and shall search and produce any relevant documents and accompanying privilege logs where necessary by January 24, 2025.

RCBC's Audit Committee Investigation

Plaintiff seeks the identity of any other individuals involved in RCBC's Audit Committee's investigation, in addition to Fernandez-Estavillo, and the production of relevant documents in their possession. RCBC's sole objection is that any documents from other Audit Committee members would be duplicative without further explanation. This Committee investigated the theft and most certainly is in possession of documents

652051/2020   BANGLADESH BANK vs. RIZAL COMMERCIAL BANKING            Page 3 of 4
Motion No.  022

3 of 4

relevant to this action.  It is not overly burdensome to identify these individuals and conduct a search.

Additional Search Terms

Plaintiff seeks to compel RCBC to work in good faith to run additional search terms.  Specifically, plaintiff seeks to add 72 additional search terms.  As the court does not have a list of all the additional search terms, it cannot make a determination as to each one.  However, it does direct the parties to work together in good faith as the few search terms that are identified appear reasonable to the court.

Accordingly, it is

ORDERED that this motion is granted.

202412121154813AMASLEYBE9F49F05394468785D31AFCBFFD3118

| 12/21/2024 | | ANDREA MASLEY, J.S.C. |
| :---: | --- | :---: |
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | X | GRANTED | ☐ DENIED | | GRANTED IN PART | ☐ | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | ☐ | REFERENCE |

652051/2020   BANGLADESH BANK vs. RIZAL COMMERCIAL BANKING
Motion No.  022

Page 4 of 4